OPINION
{¶ 1} Robert Piert ("Piert") appeals the decision of the Lake County Court of Common Pleas designating Piert as a sexual predator. Piert further appeals the trial court's imposition of sentence. For the reasons stated below, we affirm the decisions of the trial court in this matter.
 {¶ 2} Detectives from the Xenia, Ohio, police department were conducting an undercover internet investigation, posing as a 15 year old girl, as well as a divorced adult male with two children. During the undercover internet investigation, communications took place between undercover detectives, posing both as the girl and the adult male, and Piert. In communications with the detective posing as the adult male, Piert claimed to have performed oral sex on his seven year old granddaughter.[1] Piert then proposed that the two men take a camping trip where Piert would trade his grandchild for the man's child for purposes of sex.
 {¶ 3} In communications with the detective posing as the girl, Piert sent her pornographic images of "what he wanted the girl to do to him." The "girl" sent Piert a picture, which was a picture of a female detective when the detective was 14 years old. Piert arranged to meet the "girl" outside a Kmart in Xenia on September 21, 2001. Piert traveled over three hours to Xenia on the day in question and was arrested for importuning, a felony of the fifth degree. An inventory search of Piert's vehicle was conducted after his arrest. The following items were found in Piert's vehicle: body oils and lotions, lubricant jelly, a dildo, body wash, a camera, and a bottle of vodka. Piert pleaded guilty to the charge and was sentenced to 11 months in prison on January 3, 2002.
 {¶ 4} During the investigation stemming from Piert's arrest for importuning, Piert's computer was seized from his Eastlake, Ohio, residence. The investigation uncovered an extensive collection of child pornography on his computer, including explicit pictures and video clips.
 {¶ 5} On May 31, 2002, Piert was secretly indicted by the Lake County Grand Jury on six counts of pandering obscenity involving a minor, all felonies of the second degree. Piert pleaded guilty to count one and the trial court entered a nolle prosequi as to the other counts of the indictment on July 6, 2002. The trial court then referred the matter to the probation department for a presentence investigation report and a psychological evaluation.
 {¶ 6} On August 19, 2002, the trial court conducted a joint sentencing/sexual predator hearing. During the course of the sexual predator classification hearing, Dr. John Fabian ("Dr. Fabian") testified concerning his psychological evaluation of Piert. Dr. Fabian testified that Piert suffered from mental disorders, namely pedophilia and hebephilia, and personality disorders, including schizoid personality disorder, a trait that is "common against individuals who have assaulted, [and] common amongst child molesters." Dr. Fabian further testified that Piert was alcohol dependent. Although Dr. Fabian testified that the actuarial assessment placed Piert in the low to moderate risk of re-offending, Dr. Fabian concluded that the actuarial assessment needed to be modified with his clinical judgment, thus, placing Piert in, at least, the moderate category to re-offend. Dr. Fabian also concluded that Piert's actions were predatory in nature.
 {¶ 7} Dr. Fabian's psychological report was admitted into evidence, without objection. In the report, Dr. Fabian summarized his clinical impressions as follows:
 {¶ 8} "Mr. Piert does not have any documented mental illness; however, he does qualify currently for Pedophilia, nonexclusive type, sexually attracted to females. * * * Mr. Piert lacks any solid insight into the motivations for his behaviors other than he was just playing. This attitude has been similar to his attitude discussing the offenses in Xenia, Ohio, with the other investigator. He got involved with entering a chat room named `toddler' and discussed sexual activities with different males in this chat room. He reported numerous occasions that he would falsely discuss things that he did with his granddaughter both in the chat room as well as to the [d]etective * * *. He said that talking about sex talk regarding children aroused him. * * * Although he says he has a problem, he cannot verbally explain what it is. His social skills and his insight are very poor and are common amongst child molesters. Fortunately, he has no formal victims. However, he did go down on the prior Importuning case to meet this young girl and in this evaluator's opinion, most likely would have engaged in sexual activity with her (if there was a real victim). * * * Although he has not been a formal child molester, he does have regressed child molester characteristics such as poor coping skills, low self-esteem, and he may turn to children as a sexual substitute for the preferred sexual partner. * * * An inadequate child molester also may be appropriate as he is a social misfit, withdrawn, unusual. These individuals may find that children are non-threatening objects with whom he can explore his sexual fantasies. * * * Again, this defendant has not molested a child but, in a sense, attempted to do so as he drove three to four hours in order to meet a child with the premonition of engaging in sexual acts.
 {¶ 9} "Actuarial instruments indicate medium low and low. * * * Clinically, this evaluator's concern is the nature of the child pornography, the age of the victims. The prior offense involved predatory behavior as he was going down to Xenia to meet this young girl to engage in sexual activities. There is a chance that the defendant would again involve himself in pornography and attempt to meet a female like this in the future * * *. Therefore, a clinical assessment indicates at least a moderate risk * * *. He should have no activity on computer ever and no unsupervised visits with children."
 {¶ 10} When making its finding at the sexual predator classification hearing, the trial court specifically considered each factor contained in R.C. 2950.09(B). In concluding that Piert qualifies for the designation of sexual predator, the court conclude as follows:
 {¶ 11} "The Court's * * * greatest concern is the nature of the child pornography that was involved here. We are dealing with hard core pornographic images of children, adults have sexual relations with small young children, some of them their ages appear to be 5 years old, some cases are those acts being carried out depicting violent means of sexual assault as well.
 {¶ 12} "The Court's very concerned with respect to the importuning charge in this case because it appears that [Piert] * * * was, in fact, attempting to act out possibly an act that he had not committed before. * * * [H]e drove the great distance, and that was after sending images to whom he thought was a young girl down in Xenia, Ohio, [and he had] various articles and items in the car to carry out sexual activity * * *. * * * [T]hese things are of great concern to the Court and weigh heavily in the Court's ultimate decision in this matter as to whether or not [Piert] is likely to reoffend in the future.
 {¶ 13} "The Court hereby determines that [Piert] has committed a sexually oriented offense * * *. The Court determines that there has been clear and convincing evidence presented to establish that [Piert] is a sexual predator, and therefore, [Piert] is found to be a sexual predator * * *.
 {¶ 14} "In determining that [Piert] is a sexual predator, the Court finds that factors identified as items b, c, d, f, g, j, k(3) and k(6) exist, and that those factors support the determination by the Court."
 {¶ 15} After finding Piert to be a sexual predator, the trial court proceeded to sentencing. Piert was sentenced to two years on this charge. Piert requested that the two year term run concurrently with the jail time he was presently serving in Greene County on the importuning charge, including the time he had already served. The trial court rejected his request. Instead, Piert's two year sentence was only to run concurrent to the time remaining on the term in Greene County, approximately three months.
 {¶ 16} Piert timely appealed and raises the following assignments of error:
 {¶ 17} "[1.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 18} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered what in reality was consecutive sentences even though the trial court claimed that the sentences were concurrent."
 {¶ 19} In his first assignment of error, Piert argues that the trial court clearly lost its way in finding him to be a sexual predator. In support of his claim that he does not qualify as a sexual predator, Piert claims that the only factors from R.C. 2950.09 that he met were the age factor and the prior criminal record factor. Piert claims that the trial court improperly concluded that certain other factors were present in his case.
 {¶ 20} When examining a trial court's sexual predator designation, we must determine whether the designation was against the manifest weight of the evidence. State v. Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 11 (citation omitted). In reviewing a manifestweight argument, the trial court's "determination of credibility oftestimony and evidence must not be encroached upon by a reviewingtribunal * * *." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,81. In other words, there is a presumption that the findings of fact asdetermined by the trier of fact are correct. State ex rel. Pizza v.Strope (1990), 54 Ohio St.3d 41, 46 (citation omitted). Thus,
"[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 21} "[I]n order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of [or pleaded guilty to] a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, citing R.C. 2950.01(E) and 2950.09(B)(3) (emphasis sic).
 {¶ 22} In this case, Piert pleaded guilty to pandering in violation of R.C. 2907.321. The definition of "sexually oriented offense" specifically includes violations of R.C. 2907.321. R.C.2950.01(D)(1)(b)(iii). Thus, the only issue under review is whether there was clear and convincing evidence that Piert was likely to commit a future sexually oriented offense.
 {¶ 23} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:" (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether there were multiple victims; (5) whether drugs or alcohol were used to impair the victim; (6) whether the offender participated in available programs for sexual offenders; (7) whether the offender suffers from a mental illness of disability; (8) the nature of the sexual conduct and whether it was part of a pattern of abuse; (9) whether the offender displayed cruelty or threatened cruelty; (10) any additional behavioral characteristics. R.C. 2950.09(B)(3).
 {¶ 24} An offender may be designated a sexual predator "even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future."Yodice, 2002-Ohio-7344, at ¶ 13 (citation omitted). Clear and convincing evidence is that measure or proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is more than a preponderance of the evidence, but not to the level of beyond a reasonable doubt. Id.
 {¶ 25} Piert argues that there were no victims involved in the crime to which he pleaded guilty and, thus, some of the factors which the court found present should have not been considered. Possession of child pornography, however, is not a victimless crime. See Osborne v. Ohio
(1990), 495 U.S. 103, 111 (child "pornography's continued existence causes the child victims continuing harm"); United States v. Motto (E.D. Pa. 1999), 70 F. Supp.2d 570, 580, n19 ("receiving and distributing child pornography are not victimless crimes"); United States v. Norris (C.A. 5, 1998), 159 F.3d 926, 930 ("The consumers of child pornography * * * victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects."); UnitesStates v. McBroom (C.A. 3, 1997), 124 F.3d 533, 543 ("possession of child pornography is not a victimless crime"); United States v. DeCosta (C.A. 1, 1994), 37 F.3d 5, 9 ("[c]hild pornography is not a victimless crime"). Thus, the trial court properly considered the factors that take into account the victims of the crime.
 {¶ 26} Piert also argues that since the actuarial assessment placed Piert in the low to moderate risk of re-offending, the state failed to present clear and convincing evidence that Piert is likely to commit a sexually-oriented offense in the future. However, Dr. Fabian testified that he believed the actuarial assessment needed to be modified to, at least, a moderate risk of re-offending based on his clinical assessment. Moreover, an assessment of low to moderate risk of re-offending does not preclude a finding that an offender is a sexual predator. See State v.Pope, 11th Dist. No. 2001-L-184, 2003-Ohio-3546, at ¶¶ 26-28; Yodice,
2002-Ohio-7344, at ¶ 17; State v. Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 11.
 {¶ 27} In this case, the trial court properly considered Piert's prior criminal record, which included a prior sexual offense. The court properly weighed the ages of the victims in this case, including children as young as five years of age, and the fact that there were multiple victims involved. In making its finding, the trial court cited to Piert's mental illness, namely pedophilia. The trial court also relied on the underlying actions of his previous sexual offense (i.e. Piert's unsuccessful attempt, after traveling three to four hours, to meet what he thought was a 15 year old girl he met via the internet). Finally, the trial court considered Dr. Fabian's clinical assessment and opinion in reaching its conclusion that Piert is a sexual predator.
 {¶ 28} After reviewing the record and weighing the extensive evidence, we cannot conclude that the trial court lost its way. The trial court's conclusion that Piert is a sexual predator is supported by the totality of the circumstances. Thus, the state proved by clear and convincing evidence that Piert is a sexual predator.
 {¶ 29} Piert's first assignment of error is, therefore, overruled.
 {¶ 30} Piert argues in his second assignment of error that although the court labeled his sentence as concurrent, in actuality, the court imposed a consecutive sentence. Piert based his argument on the fact that "the trial court did not grant any credit for time served and the sentence imposed on the case at bar was only to run concurrent with the remaining portion of the previous sentence" in Greene County. Thus, Piert asserts that the trial court failed to make the necessary findings in order to impose consecutive sentences.
 {¶ 31} In reviewing sentencing decisions of a trial court, an appellate court conducts a meaningful review of the sentence decision.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08.
 {¶ 32} A prisoner is entitled to have his sentenced reduced "by the total number of days that the prisoner was confined for any reasonarising out of the offense for which the prisoner was convicted andsentenced." R.C. 2967.191 (emphasis added). A prisoner, therefore, "is not entitled to credit for time served in another jurisdiction for another offense." State ex rel. Croake v. Trumbull Cty. Sheriff (1990),68 Ohio App.3d 245, 247 (citations omitted). Thus, Piert is not entitled to credit for any of the time served in Greene County for the importuning offense.
 {¶ 33} In reviewing the trial court's imposition of sentence, we cannot clearly and convincingly find that the imposition of sentence in this case was contrary to law. Since Piert was not entitled to time served on the other offense, as discussed above, we find that the trial court's imposition of the sentence did not amount to consecutive sentences. A trial court does not impose consecutive sentences when the sentence imposed is to run concurrently with the remaining portion of a sentence the defendant is already serving in another matter. We, therefore, agree with the trial court assessment that the sentence imposed in this case was concurrent rather than consecutive. Consequently, the trial court was not required to make the necessary findings pursuant to R.C. 2929.14(E)(4).
 {¶ 34} Piert's second assignment of error is, therefore, overruled.
 {¶ 35} For the foregoing reasons, we conclude that Piert's assignments of error are without merit. Thus, the decisions of the Lake County Court of Common Pleas are affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.
[1] This claim was unsubstantiated by a subsequent investigation.