DECISION AND JUDGMENT ENTRY
{¶ 1} Scott John Bork appeals the judgment from the Fulton County Court of Common Pleas that denied his motion for additional jail-time credit. Because we find that Bork is not entitled to credit under R.C. 2967.191 for days served during pre-trial detention on another charge from another jurisdiction, we affirm.
 {¶ 2} On November 26, 1997, Bork was involved in a number of criminal activities in Lenawee County, Michigan and Fulton County, Ohio. His conduct resulted in charges in Michigan for receiving stolen property, fleeing a police officer, and possession of a firearm. On December 17, 1997, he was indicted in Ohio with one count of burglary, two counts of possession of criminal tools, one count of aggravated burglary with a firearm specification, two counts of robbery with firearm specifications, one count of grand theft, and one count of failure to comply with an order or signal of a police officer with a firearm specification.
 {¶ 3} As a result of the Michigan charges, Bork pled guilty to the felonies of receiving stolen property and fleeing from a police officer. He was sentenced to two to five years in prison and given credit for the time he served awaiting trial. After the imposition of his sentence in Michigan, Bork was conveyed to Ohio under an interstate detainer and arraigned on April 10, 1998. Ultimately, he pled guilty in Ohio to one count of burglary, one count of robbery with a firearm specification, and one count of failure to comply with an order or signal of a police officer with a firearm specification. He was sentenced to prison for six and one-half years, to be run concurrently with his Michigan sentence and was given credit for 126 days, the time served before the imposition of his Ohio sentence.
 {¶ 4} In 1999, after he served his Michigan sentence, Bork was returned to Ohio. He filed a motion for leave to file a delayed appeal from his conviction, which we denied and a motion for judicial relief, which the trial court denied. In September of 2003, Bork filed a motion in the trial court asking that he receive jail-time credit in Ohio for his pre-sentence detention in Michigan. The trial court denied that motion, and Bork now appeals.
 Assignments of Error
1. "The trial court erred when it failed to grant appellant's motion for jail time credit, resulting in appellant [sic] suffering such constitutional deprivations of due process and equal protection guaranteed to him under the Fifth andFourteenth Amendment of the United States Constitution."
2. "The trial court erred to the prejudice of the appellant when it failed to start calculating jail time credit from the date of November 26, 1997, when appellant starting serving sentence in the State of Michigan and which the trial court ordered the Ohio sentence to be served concurrent with, thus violating the Full Faith and Credit Clause of U.S.C.A. Const. Art. IV, § 1."
 Bork's First and Second Assignments of Error {¶ 5} The first and second assignments of error concern the same issue: whether the trial court erred when it denied Bork's motion for jail-time credit concerning his pre-trial detention in Michigan for charges occurring in Michigan. The trial court acted properly in denying the motion.
 {¶ 6} The statute in Ohio that governs jail-time credit is R.C. 2967.191.[1] A prisoner must be given credit when "the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." Id. Ohio courts, however, have found that this rule does not apply to situations where the defendant is detained in another jurisdiction or jurisdictions on other charges. State v.McWilliams (1998), 126 Ohio App.3d 398, 401; State v. Jones
(June 26, 1998), Wood App. No. WD-98-013. We have held that this includes situations where the defendant is brought to Ohio as a result of a detainer. State v. Lawrence (1996),111 Ohio App.3d 44, 45-47.
 {¶ 7} To receive credit for time served in another jurisdiction, the offense that the defendant is being held on must be the charge that he or she is convicted of and sentenced to prison for in Ohio. State v. Piert, 11th Dist. No. 2002-L-145, 2003-Ohio-6973, at ¶ 30-33; State v. Trivett, 12th Dist. No. CA2001-12-095, 2002-Ohio-6391, at ¶ 15-16;State v. Goins, 6th Dist. No. WD-02-057, 2003-Ohio-2791, at ¶ 8. This rule does not change when a defendant was prosecuted in different jurisdictions for different offenses arising out of a single crime spree, and the sentence in the second jurisdiction was run concurrently with the sentence already imposed in the first. State v. Moening (Feb. 22, 1995), Allen App. No. 1-94-34; Moss v. State (Feb. 17, 1986), Ross App. No. 1135. Allowing a defendant to do the opposite, that is claim jail-time credit for a separate offense in another jurisdiction when there is already a concurrent sentence, would result in double credit.State v. Zuder (Feb. 7, 1997), Champaign App. No. 96-CA-11.
 {¶ 8} Bork was brought to Fulton County, Ohio by means of a detainer after he pled guilty in Lenawee County, Michigan to charges associated with his criminal activities that originated in Ohio. The charges in Michigan and Ohio, though from the same spree, were not identical. Since the time that Bork spent in jail in Michigan was not for charges "arising out of the offense for which the prisoner was convicted and sentenced" in Ohio, the trial court acted properly when it denied his motion for additional jail-time credit arising out of his Michigan pre-trial detention. Appellant's first and second assignments of error are found not well-taken.
 {¶ 9} Since substantial justice was done to appellant, Scott John Bork, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Knepper, J., Pietrykowski, J., Lanzinger, J. concur.
[1] R.C. 2967.191 states,
"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."