OPINION
{¶ 1} Defendant, Joseph Shough, appeals from his conviction and sentence for pandering obscenity involving a minor and his designation as a sexual predator.
 {¶ 2} As a result of having on his computer 1,500 images of children engaged in sexual acts, Defendant was indicted on twenty-one counts of pandering obscenity involving a minor, R.C. 2907.321(A)(1), and twenty-one counts of illegal use of a minor in nudity oriented material. R.C.2907.323(A)(1). Pursuant to a plea agreement, Defendant entered pleas of guilty to twelve counts of pandering obscenity involving a minor. All other charges were dismissed. The trial court sentenced Defendant to concurrent prison terms of four years on each count, and designated Defendant a sexual predator.
 {¶ 3} Defendant has timely appealed to this court, challenging only his sexual predator classification.
 {¶ 4} First Assignment of Error
 {¶ 5} "The trial court erred in designating appellant a SEXUAL PREDATOR."
{¶ 6} In order to adjudicate Defendant a sexual predator, the courtmust find by clear and convincing evidence that Defendant has beenconvicted of or pled guilty to a sexually oriented offense and that "heis likely to engage in the future in one or more sexually orientedoffenses." R.C. 2950.01(E); R.C. 2950.09(B)(3); State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247.
 {¶ 7} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 8} Defendant's conviction for pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) is a sexually oriented offense. R.C.2950.01 (D)(1)(b)(iii). Thus, the only issue before the court was whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 9} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(3) to consider the factors relating to the offender set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 10} The statutory guidelines are:
 {¶ 11} "(a) The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender;
 {¶ 18} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3).
 {¶ 21} The trial court conducted a sexual offender classification hearing as part of the sentencing proceeding in this case. At that hearing, Dr. Susan Perry-Dyer, a psychologist who evaluated Defendant for purposes of the classification hearing, testified regarding the likelihood that Defendant would commit additional sex offenses in the future. In addition to interviewing Defendant, Dr. Perry-Dyer reviewed various documents and police reports relating to this case, as well as documents relating to an earlier 1998 alleged sexual offense in which Defendant was found not guilty by reason of insanity. The documents reviewed included psychological evaluations of Defendant done by different examiners, and records regarding Defendant's treatment at and conditional release from a mental health facility.
 {¶ 22} In reviewing the risk factors set out in R.C. 2950.09(B)(3), Dr. Perry-Dyer concluded that Defendant's risk of reoffending was increased by five of those factors, decreased by two, and some were not applicable. For example, Defendant's age, 43, reduces his risk for reoffending. R.C. 2950.09(B)(3)(a). With respect to the age of the victims, Dr. Perry-Dyer explained that Defendant's interest in pornography focuses upon children and child molesters who offend against children pose a slightly lower risk for recidivism than people who offend against adult victims, such as rapists. Thus, this factor reduces Defendant's risk for reoffending. R.C. 2950.09(B)(3)(c).
 {¶ 23} Dr. Perry-Dyer concluded that certain factors such as the use of drugs or alcohol to impair the victims, R.C. 2950.09(B)(3)(e), and whether in committing the offenses the offender displayed or threatened cruelty, R.C. 2950.09(B)(3)(i), simply do not apply in this case, and accordingly neither increase nor decrease Defendant's risk of reoffending.
 {¶ 24} Dr. Perry-Dyer found several risk factors that increase Defendant's risk of reoffending. For instance, Defendant's prior criminal record, R.C. 2950.09(B)(3)(b), increases his risk of reoffending. Dr. Perry-Dyer explained that a past criminal record of any kind increases the risk of recidivism, and past sexual offenses are the best predictor of future offenses. In 1998 Defendant was found not guilty by reason of insanity in a case involving sex crimes. Dr. Perry-Dyer stated that Defendant admitted to her and others that he committed sex crimes. Accordingly, Dr. Perry-Dyer found that Defendant's record increased his risk of reoffending.
 {¶ 25} Defendant argues, however, that because he was never convicted of that 1998 offense or held legally responsible for it, it was improper for Dr. Perry-Dyer to consider it as a prior sex crime and part of his criminal record for purposes of determining Defendant's risk of reoffending. We disagree. R.C. 2950.09(B)(3) directs the trial court to consider all relevant circumstances indicative of an offender's likelihood to reoffend in the future, including their "prior criminalrecord regarding all offenses, including, but not limited to, all sexual offenses." R.C. 2950.09(B)(3)(b). This mandate by its very terms does not limit the court's examination to only prior convictions, but rather is broad enough to encompass an offender's criminal history, which may include prior arrests and charges not resulting in conviction. These matters, although not generally considered in sentencing, are appropriate for consideration in sexual predator determinations because they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of whether the offender is likely to engage in the future in additional sex offenses. State v. Robertson,147 Ohio App.3d 94, 103, 2002-Ohio-494; State v. Childs (2001),142 Ohio App.3d 389, 396.
 {¶ 26} The trial court concluded that while the 1998 not guilty by reason of insanity finding prevents Defendant from being held legally responsible for his criminal acts due to his mental condition, it nevertheless constitutes an admission that Defendant committed the criminal acts charged. We agree. See: State v. Moore (Sept. 29, 1995), Miami App. No. 94-CA-46. In assessing the likelihood that Defendant would commit additional sex offenses in the future, it was not improper to consider Defendant's previous sexual conduct even though the offenses that the conduct involved did not result in convictions.
 {¶ 27} With respect to whether the offense involved multiple victims, R.C. 2950.09(B)(3)(d), Dr. Perry-Dyer explained that there is no proven correlation between multiple victims in a single crime and an increased risk of recidivism. However, having multiple victims over time and in the course of committing multiple crimes indicates "pervasive deviance," which does increase the risk of reoffending. Here, Defendant's acquisition over time of nearly 1,500 computer images of child pornography, plus his admission to Dr. Perry-Dyer that he took photographs of girls in a bathroom at a public school where he worked, demonstrates pervasive sexual deviance that increases his risk for reoffending.
 {¶ 28} On the issue of whether if convicted of a prior sex offense the offender participated in sex offender treatment programs, R.C.2950.09(B)(3)(f), Dr. Perry-Dyer found that this factor increased Defendant's risk of reoffending. Defendant challenges that finding, pointing out that the records from the Orion treatment program indicate that Defendant successfully completed their sex offender treatment program, that Defendant was rated "low risk" on their sex offender risk test, and that the treatment providers at Orion did not view Defendant as a strong danger in the community.
 {¶ 29} Dr. Perry-Dyer acknowledged all of that, but nevertheless pointed out that the Orion treatment providers did not know about certain sexual offenses Defendant committed but was never charged with, such as taking photos or videos of girls in the bathroom at school. Dr. Perry-Dyer also explained that she would expect a successfully treated offender not to offend again, and if he does, to report that offense to his treatment provider.
 {¶ 30} Defendant was unable to discuss with Dr. Perry-Dyer any specifics regarding what he had learned in treatment, and he denied having anything whatsoever to do with the instant offenses. Furthermore, in reviewing records from mental health facilities where Defendant was hospitalized, Dr. Perry-Dyer discovered that Defendant did not always comply with all of his mandated treatment programs that were part of his conditional release plan. For all of these reasons, Dr. Perry-Dyer opined that Defendant had not been successfully treated, which increases his risk of reoffending.
 {¶ 31} Even assuming, as Defendant suggests, that this particular factor involving prior sexual offender treatment should not have been considered by Dr. Perry-Dyer in assessing the risk that Defendant would reoffend in the future because Defendant's sexual offending conduct in the 1998 case did not result in a conviction, and R.C. 2950.09(B)(3)(f) is concerned with whether "the offender previously has been convicted of . . . any criminal offense, whether the offender completed any sentence imposed . . . and if the prior offense was a sex offense, whether the offender participated in available programs for sex offenders," we conclude that any error is nevertheless harmless, given that this factor is but one of five factors that Dr. Perry-Dyer found which increase Defendant's risk of recidivism. Even eliminating this factor from consideration, Dr. Perry-Dyer found twice as many factors that increase Defendant's risk of recidivism as decrease it.
 {¶ 32} With respect to whether Defendant suffers from any mental illness or disability, R.C. 2950.09(B)(3)(g), Dr. Perry-Dyer found that while Defendant does not have any serious illness such as schizophrenia, bipolar disorder, or mental retardation, he has been diagnosed with certain personality disorder traits and that does increase his risk of reoffending.
 {¶ 33} Regarding whether there is a demonstrated pattern of abuse, R.C. 2950.09(B)(3)(h), Dr. Perry-Dyer concluded that Defendant's possession of nearly 1,500 computer images of child pornography and his previous sexual misconduct including taking videos of girls in the bathroom at school demonstrates that Defendant has a long standing pervasive deviance that is a significant part of his life and that increases his risk of reoffending.
 {¶ 34} Finally, with respect to other behavior characteristics that might contribute to Defendant's conduct, R.C. 2950.09(B)(3)(j), Dr. Perry-Dyer observed that Defendant remains in denial about committing this sexually oriented offense, and such people are not motivated to seek treatment for their sexual deviance.
 {¶ 35} Based upon the ten risk factors in R.C. 2950.09(B)(3), Dr. Perry-Dyer concluded that Defendant poses a high risk for reoffending. Relying upon that expert testimony and after considering and weighing the risk factors, the trial court concluded that clear and convincing evidence exists that Defendant is likely to engage in the future in additional sex offenses, and the court designated Defendant a sexual predator. In our view, there is ample evidence in this record to support that finding.
 {¶ 36} Finally, Defendant suggests that a sexual predator designation cannot be based upon an offense such as this that involves possessing and viewing computer images of child pornography, as opposed to an offense that involves actual sexual contact with the victim(s). That assertion is meritless, given that pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) is statutorily defined as a "sexually oriented offense." R.C. 2950.01(D)(1)(b)(iii). And, when combined with clear and convincing evidence that Defendant is likely to engage in the future in one or more sexually oriented offenses, the underlying offense is one which fully satisfies the legal requirements for a sexual predator determination. R.C. 2950.01(E). See also State v. Piert (Dec. 22, 2003), Lake App. No. 2002-L-145, 2003-Ohio-6973; State v. Maynard (1999),132 Ohio App.3d 820; State v. McFadden (Sept. 23, 2003), Franklin App. No. O1AP-1476, 2003-Ohio-5027.
 {¶ 37} The first assignment of error is overruled.
 {¶ 38} Second Assignment of Error
 {¶ 39} "The trial court erred in admitting unreliable hearsay at the sexual predator hearing."
 {¶ 40} The Ohio Rules of Evidence do not apply to sexual predator determinations. Thus, reliable hearsay may be considered by the trial court. State v. Cook (1998), 83 Ohio St.3d 404, 425. Evidence is considered reliable if there is a reasonable probability that it is true. State v. Brown, 151 Ohio App.3d 36, 42-43, 2002-Ohio-5207. A trial court enjoys broad discretion in admitting or excluding evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the trial court's decision. State v. Issa (2001), 93 Ohio St.3d 49, 64. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies that the trial court acted in an arbitrary, unreasonable, unconscionable manner. State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 41} Defendant complains that the trial court erred in admitting over his objection testimony by Dr. Perry-Dyer that in reviewing his medical reports, psychological evaluations and hospital records Dr. Perry-Dyer discovered that Defendant did not comply with all of his treatment programs; that is, he refused to attend, and he violated some of the terms of his conditional release plan.
 {¶ 42} In a sexual offender classification proceeding, the trial court must consider not only the risk factors enumerated in R.C.2950.09(B)(3)(a)-(j), but also any other factor relevant to whether Defendant is likely to engage in the future in additional sex offenses. R.C. 2950.09(B)(3). Whether an offender has successfully completed treatment and fully complied with their treatment plan is a relevant factor. See R.C. 2950.09(B)(3)(f). Moreover, R.C. 2950.09(B)(3)(j) is a "catch-all" category that permits the trial court to consider "any behavioral characteristic that contributes to the offender's conduct."
 {¶ 43} Defendant does not claim, nor does this record suggest, that the medical reports and records Dr. Perry-Dyer reviewed and relied upon in preparing her assessment of Defendant were untrue or inaccurate. Defendant had ample opportunity at the sexual offender classification hearing to cross-examine Dr. Perry-Dyer and present his own evidence to counter any erroneous information that she considered and relied upon for her opinion. Accordingly, Defendant's rights to due process and a fair trial were not violated. Brown, supra; Cook, supra. Absent any evidence to suggest that the medical reports, psychological evaluations and hospital records pertaining to Defendant which Dr. Perry-Dyer relied upon were inaccurate or otherwise unreliable, we find no abuse of discretion on the part of the trial court in admitting Dr. Perry-Dyer's testimony about what those records show with respect to the issue presented, which is Defendant's risk of committing further sexual offenses.
 {¶ 44} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.