JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Phillip Christian was convicted of two counts of felony nonsupport of dependents. He was given consecutive sentences of fourteen months' and thirteen months' incarceration. The trial court entered an order granting Christian 548 days of jail-time credit. Christian filed a motion for additional jail-time credit. The trial court overruled Christian's motion, vacated the order granting 548 days of jail-time credit as "entered in error," and granted Christian 140 days of jail-time credit. Christian has appealed.
Christian's first and second assignments of error, which allege that the trial court was without jurisdiction to vacate the order granting him 548 days of jail-time credit and that the trial erred in revoking previously granted jail-time credit without a hearing and outside Christian's presence, are overruled.
The calculation of jail-time credit is "separate and subsequent to sentencing. The decision whether to credit pretrial confinement days is simply not part of the sentence." See State v. Gregory (1995),108 Ohio App.3d 264, 670 N.E.2d 547. Once the sentence is rendered, the calculation of jail-time credit is merely the computation of how much credit has been served and how much time remains on the sentence. See id.
The third assignment of error alleges that the trial court erred in its calculation of Christian's jail-time credit.
Christian is not entitled to jail-time credit for any period of incarceration that arose from facts separate and apart from those on which his current sentences are based. See State v. Goehring (Sept. 30, 2004), 6th Dist. No. OT-03-035, 2004-Ohio-5240; State v. Smith (1992),71 Ohio App.3d 302, 593 N.E.2d 402. Therefore, Christian is not entitled to jailtime credit for the 30 days that he was incarcerated in a juvenile court case or the 60 days that he served for a municipal court conviction.
Christian argues that he is entitled to jail-time credit for 13 days that he was held in Illinois and 22 days that he was held in Texas. In order to receive jail-time credit for time served in Illinois and Texas, Christian must have been held on the charges for which he was convicted and sentenced for in Ohio. See State v. Bork (Mar. 31, 2004), 6th Dist. No. F-03-027, 2004-Ohio-1648; State v. Trivett (Nov. 25, 2002), 12th Dist. No. CA2001-12-095, 2002-Ohio-6391.
It appears from the record that Christian's confinement in Texas arose solely from the offenses for which he was convicted and sentenced in Ohio. Therefore, Christian is entitled to jail-time credit of 22 days for the time he was held in Texas. See State v. Brewer (June 9, 2000), 2nd Dist. No. 99-CA-82.
The record does not demonstrate whether Christian was held in Illinois solely on the Ohio charges. Christian has failed to show that the Illinois jail time arose out of the instant offenses, and he is therefore not entitled to credit for the time served in Illinois. See State v.Jordan (Aug. 10, 2000), 8th Dist. No. 76488.
The third assignment of error is sustained to the extent that it challenges the trial court's failure to credit Christian with the 22 days served in Texas and overruled in all other respects.
Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the trial court to correct its entry granting jail-time credit to reflect the additional credit of 22 days for the time that Christian was held in Texas.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.