OPINION
{¶ 1} Defendant-appellant, Shaun E. Stancombe, appeals the decision of the Lake County Court of Common Pleas classifying him as a "sexual predator," pursuant to R.C. 2950.09 and sentencing him to a seventeen-month prison term. For the following reasons, we affirm Stancombe's classification as a "sexual predator," reverse the sentence imposed pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and remand this matter for resentencing.
 {¶ 2} Between March and June 2005, Stancombe, using the screen name "sexi_mother_fucor," had been communicating over the internet with an undercover FBI agent working with the Northeast Ohio Internet Crimes Against Children Task Force. The agent, using the screen name "jules12_n_ohio," posed as a twelve-year-old girl. In sexually explicit terms, Stancombe discussed having sex with "jules 12." Stancombe arranged to meet with "jules 12" at Great Lakes Mall, in Mentor, Ohio, on June 16, 2005. Stancombe was arrested at the rendezvous with "jules 12" by agents of the Crimes Against Children Task Force.
 {¶ 3} On July 26, 2005, Stancombe was indicted on one count of Attempted Rape, a felony of the second degree in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b), and one count of Importuning, a felony of the fourth degree in violation of R.C.2907.07(C)(2).
 {¶ 4} In the course of the subsequent investigation, numerous images of child pornography were recovered from Stancombe's computer. Investigators also recovered other sexually explicit internet chat conversations between Stancombe and other alleged minors. There were also conversations between Stancombe and other adults in which Stancombe shared fantasies about children or discussed trading child pornography.
 {¶ 5} On November 21, 2005, an information was filed against Stancombe charging him with six counts of Pandering Obscenity Involving a Minor, felonies of the fourth degree in violation of R.C. 2907.321(A)(5), one count of Pandering Sexually Oriented Matter Involving a Minor, a felony of the fourth degree in violation of R.C. 2907.322(A)(5), and one count of Sexual Battery, a felony of the third degree in violation of R.C.2907.03(A)(2).
 {¶ 6} On December 6, 2005, Stancombe pled guilty to Importuning, six counts of Pandering Obscenity Involving a Minor, Pandering Sexually Oriented Matter Involving a Minor, and Sexual Battery. The trial court nolled the Attempted Rape charge.
 {¶ 7} On January 4, 2006, the trial court held a joint sexual offender classification and sentencing hearing. The court found Stancombe to be a sexual predator and sentenced him to serve a seventeen month term of imprisonment for Importuning and twelve month terms of imprisonment for the remaining charges. The court ordered all sentences to be served concurrently.
 {¶ 8} Stancombe appeals and raises the following assignments of error.[1]
 {¶ 9} "[1.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 10} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 11} In Stancombe's first assignment of error, he argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
 {¶ 12} Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." R.C. 2950.09(A). Importuning and Sexual Battery are sexually oriented offenses. R.C. 2950.01(D)(1)(a). A "sexual predator" is defined as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 13} Importuning and Sexual Battery are not "registration-exempt sexually oriented offense[s]." R.C.2950.01(Q)(1) and (P)(1).
 {¶ 14} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age * * *; (b) The offender's * * * prior criminal * * * record * * *; (c) The age of the victim * * *; (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting; (f) If the offender * * * has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act * * *; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C.2950.09(B)(3).
 {¶ 15} "A trial court may find an offender to be a sexual predator `even if only one or two statutory factors arepresent, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v.Randall (2001), 141 Ohio App.3d 160, 166 (emphasis sic), citingState v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 Ohio App. LEXIS 371, at *7.
 {¶ 16} The trial court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C. 2950.09(B)(4). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 17} When reviewing a sexual predator classification, the court of appeals applies the manifest weight of the evidence standard. State v. Arnold, 11th Dist. No. 2002-L-026, 2003-Ohio-1976, at ¶ 26, citing State v. Cook,83 Ohio St.3d 404, 426, 1998-Ohio-291. Weight of the evidence involves "the inclination of the greater amount of credible evidence." Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52 (emphasis sic) (citation omitted). Although the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine, State v. Thomas (1982),70 Ohio St.2d 79, at syllabus, when reviewing a manifest weight challenge, the appellate court sits as the "thirteenth juror."Thompkins, 78 Ohio St.3d at 387. The reviewing court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *." Id., quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. The reviewing court may only exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence in exceptional cases. Id.
 {¶ 18} In the present case, the trial court made the following findings in support of its determination that Stancombe is a sexual predator: "the Defendant is twenty-four (24) years of age" which "increases the likelihood of recidivism" [R.C.2950.09(B)(3)(a)]; "the Defendant has no prior criminal record" and, thus, there has been no prior imposition of sentence or dispositional order [R.C. 2950.09(B)(3)(b) and (f)]; since there was no actual victim, the issues of multiple victims and the use of drugs or alcohol to impair the victim do not apply [R.C.2950.09(B)(3)(c), (d), and (e)]; "however, Defendant believed that he was going to meet a twelve year old female for the purpose of engaging in sexual conduct and/or sexual activity"; "the Defendant has been diagnosed with pedophilia by Dr. Rindsberg which increases the likelihood of Defendant sexually reoffending" [R.C. 2950.09(B)(3)(g)]; "the Defendant's sexual actions were part of a demonstrated pattern of abuse, insofar as Defendant's computer contained a multitude of pornographic images of children, many of which were the same age as the girl Defendant hoped to engage in sexual activity with" [R.C.2950.09(B)(3)(h)]; the Defendant did not display "cruelty or threats of cruelty" in the commission of the offenses [R.C.2950.09(B)(3)(i)].
 {¶ 19} The trial court also noted the following factors as increasing the likelihood of recidivism: "Defendant's actual arrival at the designated time and place for the sexual conduct * * * demonstrates that he acts out his fantasies"; "the intended victim was a stranger"; "Defendant has not been in a sexual relationship for at least two years"; "Defendant's sexual preference for children," as evidenced by "Defendant repeatedly chat[ting] with children, chat[ting] with adults about engaging in sex acts with children, and chat[ting] with individuals about trading child pornography"; "Defendant's minimization of the offenses," denying his intent to actually engage in sexual conduct/activity and rationalizing child pornography as "art" and the result of "human nature" [R.C. 2950.09(B)(3)(j)].
 {¶ 20} Stancombe argues that the trial court erred in its finding of a pattern of abuse when there was no actual victim. We disagree. Stancombe was convicted of possessing multiple pornographic images of children. It is well-established that the children depicted in the pornographic images found on Stancombe's computer are actual victims of Stancombe's crimes.[2] SeeOsborne v. Ohio (1990), 495 U.S. 103, 111 ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come."); State v. Piert,
11th Dist. No. 2002-L-145, 2003-Ohio-6973, at ¶ 25 (citations omitted); State v. McCartney, 12th Dist. No. CA2003-09-023,2004-Ohio-4781, at ¶ 47 (citations omitted); United States v.Norris (C.A.5, 1998), 159 F.3d 926, 929-930 (noting that (1) "the simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials," (2) "the mere existence of child pornography represents an invasion of the privacy of the child depicted," and (3) "the consumer of child pornography instigates the original production of child pornography by providing an economic motive for creating and distributing the materials").
 {¶ 21} Stancombe also argues there was no evidence that he actually intended to have sex with "jules 12." Stancombe told "jules 12" that he would have sex with her, "if she wanted to." Moreover, Stancombe's psychological evaluation indicated that he lied and exaggerated his sexual experiences. Again, we disagree. Stancombe had two condoms in his pocket when he was arrested. The relative credibility of conflicting evidence is for the trier of fact to resolve. We will not disturb the trial court's conclusions regarding Stancombe's intentions.
 {¶ 22} Having reviewed the evidence before the trial court, the classification of Stancombe as a sexual predator is supported by clear and convincing evidence. The first assignment of error is without merit.
 {¶ 23} Under the second assignment of error, Stancombe argues, and the State concedes, that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates their Sixth Amendment rights to trial by jury, as held by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, citing Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 24} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(B), providing that "the shortest prison term authorized" by statute for an offense must be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional.2006-Ohio-856, at paragraph one of the syllabus. The Supreme Court further held that R.C. 2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id.
 {¶ 25} In the present case, Stancombe has not previously served a prison term. By imposing a seventeen-month prison term for Importuning and twelve-month prison terms for Pandering Obscenity Involving a Minor and Pandering Sexually Oriented Matter Involving a Minor, the trial court exceeded minimum prison term of six months for fourth degree felonies. R.C.2929.14(A)(4).[3] In its judgment entry of sentence, the trial court found, pursuant to R.C. 2929.14(B), that "the minimum sentence in this case demeans the seriousness of the case and does not adequately protect the public." Stancombe's second assignment of error has merit.
 {¶ 26} The Supreme Court further held, in Foster, that sentences exceeding the statutory minimum, based on the constitutionally invalid R.C. 2929.14(B), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Stancombe is entitled to a new sentencing hearing. At this hearing, Stancombe "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Stancombe may also argue for a reduction in his sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 27} For the reasons set forth in Stancombe's second assignment of error, we reverse the Judgment Entry of Sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Id. at ¶ 107.
William M. O'Neill, J., concurs, Colleen Mary O'Toole, J., concurs in judgment only.
[1] Although the charges against Stancombe were prosecuted as separate cases in the court below, the two cases have been consolidated on appeal.
[2] In this respect, we disagree with the trial court's conclusion that there was "no victim" involved in these offenses and that "multiple victims were not involved."
[3] In respect to Stancombe's conviction for Sexual Battery, a felony of the third degree, the trial court imposed the statutory minimum sentence of twelve months. R.C. 2929.14(A)(3). Accordingly, this sentence is unaffected by our present ruling.