OPINION
{¶ 1} Defendant-appellant David Ayers Jr. appeals from an order classifying him as a sexual predator. He contends that the evidence does not support the order, and that the order is against the manifest weight of the evidence.
 {¶ 2} We conclude that the trial court's decision is supported by the record. Accordingly, the order from which this appeal is taken is Affirmed.
 I {¶ 3} In 1996, David Ayers was indicted on one count of Kidnapping, three counts of Rape and one count of Aggravated Robbery. Ayers pled no contest to the charge of Kidnapping, in violation of R.C. 2905.01(A)(4). The remaining counts were dismissed by the State. Ayers was sentenced to prison for a term of eight to twenty-five years. On appeal, we affirmed the judgment of the trial court. State v. Ayers (May 23, 1997), Montgomery App. No. 16076. Thereafter, Ayers filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court denied the petition, and we affirmed. State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851.
 {¶ 4} In March, 2006, the State filed a memorandum in support of a sexual designation pursuant to R.C. 2950.09. Following a hearing, Ayers was designated a sexual predator. Ayers appeals the order designating him a sexual predator.
 II {¶ 5} Ayers' sole assignment of error states as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT *Page 3 
SUPPORT SUCH A FINDING."
 {¶ 7} Ayers contends that the trial court did not properly weigh the evidence in determining that he should be classified a sexual predator. He further contends that the evidence does not support a sexual predator designation.
 {¶ 8} In order to adjudicate a defendant a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. Randall (2001), 141 Ohio App. 3d 160,166. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio State 469, paragraph three of the syllabus.
 {¶ 9} When determining the likelihood that a defendant will engage in a sexually oriented offense in the future, the trial court must consider the factors set forth in R.C. 2950.09(B)(3). A trial judge "has the discretion to determine what weight, if any, he or she will assign to each guideline." State v. Thompson, 92 Ohio St.3d 584, paragraph one of the syllabus, 2001-Ohio-1288.
 {¶ 10} The statutory factors to be considered are as follows:
 {¶ 11} "(a) The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; *Page 4 
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender;
 {¶ 18} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(3).
 {¶ 21} In this case, the trial court conducted a sexual predator hearing, during which the trial court considered the pre-sentence investigation report, a psychological evaluation report stipulated to by the parties, and a statement by Ayers. The psychological report was prepared by Scott Kidd, a psychologist who evaluated Ayers for purposes of the classification hearing. The report indicated that Kidd interviewed Ayers *Page 5 
and also reviewed various documents, including offense reports, the pre-sentence investigation report and witness statements.
 {¶ 22} In reviewing the risk factors set out in R.C. 2950.09(B)(3), Kidd found that Ayer's risk of committing a future offense was increased by several of those factors. First, Kidd found that Ayers' prior criminal record increases his risk of reoffending. R.C.2950.09(B)(3)(b). Kidd explained that a prior criminal record is a "strong indicator of future recidivism." The record shows that Ayers was previously convicted of Petty Theft and Aggravated Trespassing. He was also convicted of Domestic Violence related to the underlying offense.
 {¶ 23} Additionally, Ayers was charged with two violations of a temporary restraining order by stalking as well as menacing by stalking in incidents involving his first wife. He was also charged with domestic violence and rape in 1995, as well as rape in February of 1996; both these incidents involved his second wife, the victim in the underlying offense.
 {¶ 24} Ayers argues that these charged offenses, of which he was not convicted, should not have been considered by the trial court. However, we have previously indicated our disagreement with this argument. InState v. Shough, Montgomery App. No. 20531, 2005-Ohio-661, we stated:
 {¶ 25} "R.C. 2950.09(B)(3) directs the trial court to consider all relevant circumstances indicative of an offender's likelihood to reoffend in the future, including their `prior criminal record regarding all offenses, including, but not limited to, all sexual offenses.' This mandate by its very terms does not limit the court's examination to only prior convictions, but rather is broad enough to encompass an offender's criminal history, *Page 6 
which may include prior arrests and charges not resulting in conviction. These matters, although not generally considered in sentencing, are appropriate for consideration in sexual predator determinations because they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of whether the offender is likely to engage in the future in additional sex offenses." Id. at ¶ 25.
 {¶ 26} As noted above, Ayers was convicted of Aggravated Trespassing. The offense was committed when Ayers violated a temporary restraining order filed by his first wife. According to Kidd, this "may increase his risk to reoffend."
 {¶ 27} Regarding the nature of Ayer's sexual conduct with the victim and whether there is a demonstrated pattern of abuse, R.C.2950.09(B)(3)(h), Kidd concluded that Ayers "did demonstrate a pattern of sexually abusive behavior toward his victim." Specifically, in 1995 and again in 1996, the victim reported to the police that Ayers had raped her. Both of those incidents occurred prior to the instant offense. Additionally, there was evidence that Ayers had been physically abusive to the victim in the past. Thus, this factor increased his risk of recidivism.
 {¶ 28} Kidd also noted that Ayers displayed cruelty, force and threats of cruelty to his victim. R.C. 2950.09(B)(3)(i). Specifically, "he dragged the victim to the living room and gagged her using strips of cloth. He then dragged her upstairs to a bedroom, where he tied her to the bed by her wrists and ankles and sexually assaulted her. The victim reported Mr. Ayers then grabbed her dog and put the dog's head between her legs. He told the victim he was going to kill her in the morning and asked if she preferred to die by being burned in the bed or by being suffocated or drowned. He also told her of his plan to dispose of her body so he would not get caught for the crime." Thus, this factor also *Page 7 
demonstrated an increased risk for recidivism.
 {¶ 29} With regard to the issue of the victim's age and whether the offense involved multiple victims, R.C. 2950.09(B)(3)(c) and (d), Kidd stated that there is no proven correlation between these factors and an increased risk of recidivism. Further, there was no evidence to indicate that Ayers used alcohol or drugs to impair his victim. R.C.2950.09(B)(3)(e). Thus, these factors were not considered to affect the level of risk in this case.
 {¶ 30} With respect to Ayers' age and whether he suffers from any mental illness or disability, R.C. 2950.09(B)(3)(a) and (g), Kidd found that Ayers does not suffer from any mental illness and that his age of forty-two places him at a "lower risk of sexual recidivism."
 {¶ 31} Finally, with respect to other behavior characteristics that might contribute to Defendant's conduct, R.C. 2950.09(B)(3)(j), we note that during the evaluation, Ayers denied threatening to kill the victim and putting the dog's head between her legs. Thus, Ayers remains in denial about certain aspects of his offense.
 {¶ 32} Based upon the evidence, the trial court concluded that clear and convincing evidence exists that Ayers is likely to engage in the future in additional sex offenses. We conclude that there is ample evidence in this record to support the trial court's decision designating Ayers a sexual predator. Therefore, Ayers' sole assignment of error is overruled.
 III {¶ 33} Ayers' sole assignment of error having beed overruled, the judgment of the *Page 8 
trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1