**The STATE, ex rel. CROAKE,**

**v.**

**TRUMBULL COUNTY SHERIFF et al.**

[Cite as *State, ex rel. Croake, v. Trumbull Cty. Sheriff* (1990), 68 Ohio App.3d 245.]

Court of Appeals of Ohio,
Trumbull County.

No. 90-T-4361.

Decided Oct. 1, 1990.

William Croake, pro se.

Dennis Watkins, Prosecuting Attorney, and Jeffrey M. Ucchino, Assistant Prosecuting Attorney, for respondents.

---

JOSEPH E. MAHONEY, Judge.

On February 14, 1990, relator, William Croake, filed a pro se original action in this court, seeking a writ of mandamus to require the respondents, Trumbull County Sheriff et al., to credit relator with one hundred twenty-one days of jail time pursuant to R.C. 2967.191.

Respondents subsequently filed a motion to dismiss and a supplementary response. This court converted respondents' motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B) on June 12, 1990. The parties were notified of this conversion and were granted fourteen days to file any further response as would be appropriate under Civ.R. 56. See Fraternal Order of Police v. D'Amico (1982), 4 Ohio App.3d 15, 4 OBR 36, 446 N.E.2d 198; Petrey v. Simon (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285. No further responses were filed. Thus, the matter is before us on respondents' motion for summary judgment.

Relator was initially incarcerated on September 12, 1987. He pled guilty on December 10, 1987, but was not sentenced for the crimes he pled to in case No. 87–CR–297 until May 17, 1988. Relator was confined for one hundred fourteen days (September 12, 1987 to January 4, 1988) in Trumbull County for the charges brought in Trumbull County case No. 87–CR–297. Apparently, relator was subject to hold orders from other counties and was transported to those counties where other charges were adjudicated.

Relator asserts that respondents should have credited him with an additional one hundred twenty-one days (January 4, 1988 to May 17, 1988) for confinement prior to sentencing when he was being held and transported to other counties while respondents were responsible for his detention.

Respondents state that on May 20, 1988, they sent information to the Chillicothe Correctional Institute indicating that relator should be credited with one hundred fourteen days, the time served on the convictions in Trumbull County case No. 87–CR–297. Respondents argue that they are not

responsible for giving credit for any time spent in jail outside Trumbull County on other charges.

R.C. 2967.191 provides:

" * * * The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence."

It is clear under the statute that relator is entitled to credit for time confined "arising out of the offense for which he was convicted and sentenced." Relator is not entitled to credit for time served in another jurisdiction for another offense. *State v. Dawn* (1975), 45 Ohio App.2d 43, 74 O.O.2d 77, 340 N.E.2d 421; *State, ex rel. Moss, v. Subora* (1987), 29 Ohio St.3d 66, 29 OBR 447, 505 N.E.2d 965.

Respondents have provided information of relator's one hundred fourteen days of confinement for the Trumbull County offense and have fulfilled any duty they may have had under R.C. 2967.191. Under the statute, respondents are under no duty to "credit" relator with anything. It is the responsibility of the Adult Parole Authority to reduce the relator's sentence by the number of days confined for the convicted offense.

Accordingly, respondents' motion for summary judgment is granted.

*Writ denied.*

CHRISTLEY, P.J., and FORD, J., concur.