OPINION
On July 11, 1985, appellant was charged with one count of theft, in violation of R.C. 2913.02. On July 22, 1985, appellant pled guilty to the charge. On August 29, 1985, appellant failed to appear in the Wood County Court of Common Pleas for his scheduled sentencing hearing. He was then charged with failure to appear, in violation of R.C. 2937.29, and a warrant was issued for his arrest. On January 21, 1986, appellant appeared before the trial court and pled guilty to both charges ("Wood County case"). The trial court sentenced appellant to a term of eighteen months of incarceration for theft, and an indefinite term of one to five years for failure to appear.
Appellant served his concurrent sentences for both convictions and was released after serving approximately five years in prison. Sometime thereafter, appellant was convicted of another, unrelated crime in Lucas County, Ohio, and began serving a sentence for that conviction ("Lucas County case").
On March 10, 1997, appellant filed a "MOTION TO CORRECTSENTENCE AND BE GIVEN CREDIT FOR PREVIOUS ERRONEOUS SENTENCE ANDINCARCERATION," in which he argued the indefinite sentence he received for failing to appear in the Wood County case was statutorily impermissible. Accordingly, appellant asked the trial court to correct his prior sentence and give him credit for any time erroneously served toward the sentence he was currently serving for his conviction in the Lucas County case.
On May 14, 1997, the trial court filed a judgment entry in which it granted appellant's motion to correct his sentence, reducing it to a definite term of two years. However, the trial court stated that "[appellant's] Motion is denied as to the request that [he] be given credit in [the Wood County case] for days improperly served in [the Lucas County case]."
On December 17, 1997, appellant filed a petition for resentencing, in which he stated that his amended sentence is void, because he should have been allowed to attend the resentencing hearing in the Wood County case. On January 21, 1998, the trial court filed a judgment entry in which it denied appellant's petition. On February 17, 1998, appellant filed a timely notice of appeal.
We note initially that appellant has not articulated a clear assignment of error from the trial court's denial of his petition for resentencing. Rather, appellant asks this court to "restore him in accordance to justice that is owed him for the injustice done, by crediting [him] with the clear amount of time over incarcerated [in the Wood County case]."
It is apparent from the record in this case that appellant has served approximately two years more than his amended sentence would have required.
R.C. 2967.191 provides that the adult parole authority shall credit a prisoner for the "total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced * * *." However, it is well-settled that a prisoner is "not entitled to credit for time served in another jurisdiction for another offense." State exrel. Croake v. Trumbull Cty. Sheriff (1990), 68 Ohio App.3d 245,247; State v. Dawn (1975), 45 Ohio App.2d 43; State v. McWilliams
(Feb. 20, 1998), Champaign App. No. 97-CA-17, unreported.
Upon consideration of the foregoing, we find that appellant's argument on appeal is not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed.
Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
George M. Glasser, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.