[Cite as *State v. Miller*, 2020-Ohio-745.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA3880 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| STEVE L. MILLER, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Steven L. Miller, Caldwell, Ohio, Appellant, pro se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant
Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment

entry denying Appellant, Steve Miller's, motion for additional jail time credit.  On

appeal, Appellant contends that the trial court denied him equal protection of the

law when it failed to credit related jail time to the prison term it "reimposed."

Because we conclude the trial court's decision denying Appellant's motion for

additional jail-time credit was supported by competent, credible evidence,

Appellant's sole assignment of error is overruled.  Accordingly, the decision of the

trial court is affirmed.

## FACTS

{¶2} The record before us indicates that Appellant was originally indicted in Scioto County, Ohio on June 14, 2011, on three counts of child endangerment and one count of felonious assault.[1] Appellant ultimately pled guilty to a single count of child endangerment and was sentenced to a four-year prison term on August 19, 2011. Thereafter, he filed a motion for judicial release on May 8, 2013, which was granted on June 11, 2013. At that time, Appellant was placed on a five-year-term of community control.

{¶3} On February 27, 2018, while still on community control in Scioto County, Appellant was arrested and charged in Pike County, Ohio with domestic violence against an individual named Alisha Miller, as well as child endangerment based upon the fact that the domestic violence occurred in the presence of Ms. Miller's child, who was unnamed. As a result, an order of arrest was issued by the Scioto County Court of Common Pleas on March 1, 2018. However, it appears from the record that Appellant was incarcerated in Pike County from the date of his arrest on February 27, 2018 until May 28, 2018.[2] Thereafter, a request for a Probable Cause/Revocation of Supervision hearing was filed on June 21, 2018 by the Scioto County Prosecutor and Chief Probation Officer. The June 21, 2018

---

[1] The record contains the initial Municipal Court complaint form that preceded the indictment, which alleged that Appellant abused his two-year-old son, C.M., by striking him about his face and head.
[2] Appellant states in his brief that he was sentenced to a 90-day jail term for the domestic violence conviction in Pike County.

filing indicated that Appellant had been charged with domestic violence and child endangerment in the Pike County Court and that he had been convicted of the domestic violence charge. The filing also indicated that while the child endangerment charge had been dismissed in the Pike County Court, it was pending indictment by the grand jury. The filing further indicated Appellant had been charged with domestic violence against an individual named Sidny Shifflat on May 17, 2017, but that the charge had been dismissed.

{¶4} A probable cause hearing was held in the Scioto County Common Pleas Court on August 3, 2018. Appellant has not provided this Court with a copy of that transcript. By a subsequent judgment entry dated August 6, 2018, it appears the trial court revoked Appellant's community control and imposed a forty-eight-month prison sentence. The trial court ordered that Appellant receive 64 days of jail-time credit towards that prison sentence. Although the trial court did not specify which dates the 64 days covered, 64 days elapsed between June 1, 2018, and August 3, 2018, which is the time period Appellant claims in his brief that he was held in jail in Scioto County awaiting disposition on his community control violation. Appellant did not file a direct appeal from that decision.

{¶5} Thereafter, on May 7, 2019, Appellant filed a "Motion for Additional JTC." In his motion, Appellant argued that he was entitled to an additional 94 days of jail-time credit for the period from February 28, 2018, until June 1, 2018.

Appellant claimed this was the period of time he served in Pike County on the Pike County charges until he was transferred to Scioto County to answer for the community control violation. He argued that because the Pike County conviction was the basis of the Scioto County community control violation, he should have received jail-time credit towards his forty-eight-month prison term imposed on his community control violation. The trial court denied Appellant's motion May 17, 2019, stating in its entry that the time served in Pike County, Ohio could not be credited to the Scioto County case. It is from this judgment entry that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT DENIED EQUAL PROTECTION OF THE LAW
        WHEN IT FAILED TO CREDIT RE-LATED [SIC] JAIL-TIME [SIC] TO
        THE PRISON TERM IT REIMPOSED."

## LEGAL ANALYSIS

{¶6} In his sole assignment of error, Appellant contends the trial court denied him his constitutional right to equal protection of the law by failing to credit related jail time to the prison term it "reimposed."[3]  On appeal, he argues that he

---

[3] As set forth above, however, a prison term was not "reimposed" by the trial court. Appellant was initially sentenced to a four-year prison term and then granted judicial release and placed on five years of community control. The violation of his community control resulted in the imposition of an agreed forty-eight-month prison term. It is the forty-eight-month prison term that Appellant contends should have been reduced by additional jail-time credit.

should have been granted a total of 155 days of jail-time credit instead of the 64 days calculated by the trial court. The State responds by arguing that Appellant was not entitled to additional time he claims because that time was served in Pike County, Ohio for a distinct and separate misdemeanor case in Pike County. Thus, the State contends the trial court properly denied Appellant's motion.

{¶7} Because neither of the parties are challenging the overall sentence imposed by the trial court, our standard of review is narrowed to the determination of whether the computation of Appellant's jail-time credit was proper. *State v. Nutter*, 4th Dist. Hocking No. 18CA1, 2018-Ohio-5368, ¶ 12. As noted in *Nutter*, Ohio Adm. Code 5120-2-04(B) states that "[t]he court must make a factual determination of the number of days credit to which a prisoner is entitled by law * * *." *Id.* Thus, the trial court's findings of fact will be upheld "if the record contains competent, credible evidence to support them." *State v. Primrack*, 4th Dist. Washington No. 13CA23, 2014-Ohio-1771, ¶ 5, quoting *State v. Elkins*, 4th Dist. Hocking No. 07CA1, 2008-Ohio-674, ¶ 20.

{¶8} We have explained as follows regarding the practice of awarding jail-time credit:

"The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Fugate*, 117 Ohio St.3d 261,

2009-Ohio-856, 883 N.E.2d 440, ¶ 7. The rationale for giving jail-time credit 'is quite simple[;] [a] person with money will make bail while a person without money will not.' *Id.* at ¶ 25 (Stratton, J., concurring). That means for 'two equally culpable codefendants who are found guilty of multiple offenses and receive identical concurrent sentences,' the poorer codefendant will serve more time in jail than the wealthier one who was able to post bail. *Id.* at ¶ 25–26. '[T]he Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status.' *Id.* at ¶ 7." *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 107, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 104155, 2016-Ohio-8049, ¶ 12-14.

R.C. 2967.191 codifies this principle in Ohio and provides in pertinent part as follows:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code[.]

(footnote omitted) (Emphasis added). *See also State v. Butcher*, *supra*, at ¶ 107.

" 'Thus, R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense.' " *State v. Nutter*, *supra*, at ¶ 14, quoting *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41.

{¶9} R.C. 2929.19(B)(2)(g)(i) states that:

[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that

the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

{¶10} Furthermore, R.C. 2929.(B)(2)(g)(iii) provides that sentencing courts have " 'continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of the appropriate jail-time credit],' and allows offenders, 'at any time after sentencing, [to] file a motion in the sentencing court to correct any error made in making a determination [of the appropriate jail-time credit] * * *.' " *State v. Butcher* at ¶ 108, quoting R.C. 2929.19(B)(2)(g)(iii). *Accord State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 4-5; *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 19 (4th Dist.); *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21-22; *State v. Alredge*, 7th Dist. Belmont No. 14BE52, 2015-Ohio-2586, ¶ 10-12.  Thus, jail-time credit errors are not limited to correction on direct appeal, but rather they may also be corrected through the filing of a motion with the court pursuant to R.C. 2929.19(B)(2)(g)(iii).  *Butcher* at ¶ 109, citing *Thompson, supra,* at ¶ 23, *see also State v. Ponyard*, 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 10-12; *State v. Collins*, 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 22–25.

{¶11} At issue here is the jail-time credit to be applied to the forty-eight month prison term imposed by the Scioto County Common Pleas Court for a

violation of Appellant's five-year term of community control that was imposed after judicial release was granted to Appellant, who was serving a four-year prison term imposed by the Scioto County court in 2011 for child endangerment. It appears from the record that the trial court granted Appellant 64 days of jail-time credit towards his forty-eight-month prison term. Although the trial court did not expressly state the dates the credit covered, this timeframe is consistent with Appellant's representation to this Court that he was transported back to Scioto County on June 1, 2018, where he was held until he was sentenced on August 3, 2018. Appellant argues he was entitled to 91 additional days of jail-time credit for time served in Pike County. Because the offenses committed in Pike County served as the basis for the probation violation, Appellant argues he should receive credit.

{¶12} Here, the record indicates Appellant was arrested for the commission of new domestic violence and child endangerment offenses that occurred in Pike County on February 27, 2018, while he was still under a community control sanction in Scioto County.[4] Because the commission of the new offenses in Pike County constituted a violation of the terms of Appellant's community control in

---

[4] The following violations of community control were alleged by the State: 1) causing physical harm to Alisha Miller in the presence of her child resulting in a domestic violence conviction in Pike County, Ohio; 2) having a child endangerment charge filed against him in Pike County, Ohio that was dismissed but was pending indictment by the grand jury; and 3) having a domestic violence charge against a juvenile filed against him on May 17, 2017, that was dismissed.

Scioto County, an order of arrest was issued by the Scioto County Common Pleas Court on March 1, 2018. However, based upon documents that were provided by the Pike County Sheriff's Office, which were attached to Appellant's motion for additional jail-time credit, it appears Appellant was booked into the jail in Pike County on February 27, 2018, and that his "out date," or date of release was May 28, 2018. A note contained in the Pike County Sheriff's Office records dated May 28, 2018 states as follows:

> INMATE RELEASED ON PIKE COUNTY CHARGES. INMATE
> HAS A WARRANT OUT OF SCIOTO COUNTY, PICK RADIUS
> OF ONE, NOBLE COUNTY WAS CONTACTED AND MADE
> AWARE OF SITUATION. RELEASE AUTHORIZATION FAXED
> TO NOBLE COUNTY.[5]

Although Appellant states in his brief that he was held in jail in Pike County from May 28, 2018, to June 1, 2018, pending pickup by the Scioto County Sheriff, there is no evidence in the record to confirm this. Furthermore, although a probable cause/revocation hearing was held in Scioto County on August 3, 2018, Appellant has not provided this Court with a transcript of those proceedings. While review of that transcript may answer the questions regarding when Appellant was transported back to Scioto County, it is not part of the record. Thus, although it appears

---

[5] There is no explanation in the record as to why Noble County was contacted.

reasonable to believe that Appellant may have been held in Pike County on a Scioto County probation holder in light of the fact that the Scioto County Court of Common Pleas had issued an order of arrest for Appellant on March 1, 2018, we have no actual evidence confirming this fact and this Court will not engage in speculation as to what exactly occurred during those three days.

{¶13} Moreover, Appellant does not argue he is entitled to only three additional days of jail-time credit, he argues that he is entitled 91 additional days of jail-time credit for the period between March 1, 2018 (presumably the date the Scioto County order of arrest was issued) to June 1, 2018 (the date Appellant claims he was transported from Pike County to Scioto County). Appellant argues that he is entitled to jail-time credit for the time served on the Pike County offenses because they served as the basis for the revocation of his community control. However, contrary to Appellant's arguments and other than constituting a violation of his community control, there is no indication in the record before us that the offenses were related to the offense for which Appellant was serving a term of community control (which related back to his original child endangerment conviction in Scioto County that occurred in 2011). *See* R.C. 2967.191(A) (stating that the prison term shall be reduced by the total number of days the prisoner "was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced * * *.*") (Emphasis added).

{¶14} Further, as explained in *State v. Moore*, 2016-Ohio-3510, 67 N.E.3d 68, ¶ 19 (11th Dist.), the fact that convictions in another county "provided part of the basis" for a probation violation in another county "does not create a relationship with the original underlying charges requiring jail-time credit."), citing *State v. Olmstead*, 5th Dist. Richland No. 2007-Ohio-CA-119, 2008-Ohio-5884, ¶ 19 (jail-time credit for an arrest on a probation violation "can only be credited toward the sentence on the original charge i.e., the one for which he was sentenced to probation"); *see also State ex rel. Croake v. Trumbull County Sheriff, et al.*, 68 Ohio App.3d 245, 247, 587 N.E.2d 978 (11th Dist.1990) (holding that inmate was not entitled to credit for time served in another jurisdiction for other offenses). Here, Appellant was ordered to serve a five-year term of community control related to his underlying 2011 Scioto County conviction for child endangering. Again, there is no evidence in the record before us to indicate that the Pike County charges and conviction were related to the underlying Scioto County conviction from 2011. Thus, it cannot be said that time served in Pike County arose out of the offense for which Appellant was convicted and sentenced in Scioto County. As a result, he is not entitled to the additional jail-time credit he is claiming.

{¶15} Because we conclude the trial court's denial of Appellant's motion for additional jail-time credit was supported by competent, credible evidence, we cannot conclude the trial court erred in denying the motion. Thus, Appellant's sole

assignment of error is overruled.  Accordingly, the decision of the trial court is

affirmed.

                                                    **JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment & Opinion.

For the Court,

BY:  _____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**