[Cite as *State v. Steinmetz*, 2020-Ohio-1145.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-324 |
| | : | |
| CHARLES STEINMETZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of March, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
 Attorney for Plaintiff-Appellee

J. DAVID TURNER, 101 Southmoor Circle, P.O. Box 291771, Dayton, Ohio 45429
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Charles Steinmetz appeals from his conviction following a guilty plea to one count of aggravated drug trafficking, a second-degree felony.

{¶ 2} In his sole assignment of error, Steinmetz contends the trial court erred in its calculation of jail-time credit.

{¶ 3} On May 18, 2018, a Greene County grand jury indicted Steinmetz in the above-captioned case on charges of aggravated drug trafficking and aggravated drug possession. Steinmetz was served with the indictment on July 24, 2018. He was served in the Montgomery County jail, where he had been held since June 22, 2018 awaiting trial in Montgomery County C.P. No. 2018-CR-2306/3, which involved felony drug-related charges. Steinmetz failed to post bond in either case and remained in pretrial confinement.

{¶ 4} On July 31, 2018, Steinmetz entered a negotiated guilty plea in the Montgomery County case to one count of aggravated possession of drugs, a third-degree felony. On September 13, 2018, he was sentenced to community-control sanctions in the Montgomery County case. Those sanctions included completion of an "in-custody" treatment program at the "MonDay" facility, which Steinmetz apparently started immediately. While Steinmetz was participating in the MonDay program, he pled guilty on January 31, 2019 to aggravated drug trafficking in the Greene County case. A sentencing hearing was set for March 28, 2019.

{¶ 5} Although a detainer from Greene County remained in place, Steinmetz was released from the MonDay facility on March 18, 2019. At that point he was not incarcerated. He subsequently failed to appear for sentencing in Greene County on March

28, 2019. After the issuance of a capias, Steinmetz was arrested on April 22, 2019. He remained in the Greene County jail until his sentencing on June 5, 2019. At that time, the trial court imposed a two-year prison term. It awarded him 43 days of jail-time credit as of the date of sentencing. (June 5, 2019 Judgment Entry.)

{¶ 6} In connection with the Greene County sentencing, the trial court agreed to consider a March 26, 2019 motion Steinmetz had filed for additional jail-time credit.[1] The trial court subsequently denied that motion on June 21, 2019. (June 21, 2019 Judgment Entry.) It rejected Steinmetz's argument that he was entitled to an additional 248 days of jail-time credit from July 24, 2018 (the day he was served with the Greene County indictment in the Montgomery County jail) to March 28, 2019 (the date of the originally scheduled Greene County sentencing hearing for which Steinmetz did not appear). In support of its ruling, the trial court reasoned in part:

> The indictment in Montgomery County Case No. 2018 CR 2306/3 alleges that Steinmetz obtained, possessed or used methamphetamine in excess of the bulk amount on or about June 12, 2018 in the County of Montgomery. The Aggravated Trafficking in Drugs count to which Defendant pleaded guilty in this case states that Steinmetz engaged in trafficking in methamphetamine in excess of the bulk amount on or about August 16, 2017 in Greene County.
>
> The Defendant's confinement in Montgomery County as a result of Montgomery County Case No. 2018 CR 2306/3 did not arise out of "the

---

[1] The trial court also sustained a motion to supplement the record to include portions of the Montgomery County case upon which it relied to resolve the jail-time issue. (Dec. 27, 2019 Entry.)

offense for which the prisoner was convicted and sentenced" in the above-captioned case.

In addition, as discussed above, the Defendant's motion does not state any factual basis for his proposition that he is entitled to jail time credit in the above captioned case for the time period of July 24, 2018 to March 24 [sic], 2019, and the Court does not discern any factual basis for that proposition in the record of this case.

(June 21, 2019 Judgment Entry at 2-3.)

{¶ 7} Steinmetz timely appealed on June 27, 2019, challenging the trial court's refusal to award him additional jail-time credit.

{¶ 8} In his assignment of error, Steinmetz now concedes that he is not entitled to jail-time credit from September 13, 2018 (the date of his sentencing in the Montgomery County case) until his April 22, 2019 arrest in the Greene County case after failing to appear for sentencing. During that period, he was serving his Montgomery County sentence by participating in the MonDay program until March 18, 2019. *See State v. Cupp,* 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 24 (recognizing that "[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case."). After Steinmetz was released from the MonDay facility, he remained out of jail until his arrest in connection with the Greene County case on April 22, 2019. Therefore, Steinmetz does not argue that he is entitled to jail-time credit between September 13, 2018 and April 22, 2019. We note too that the trial court awarded him jail-time credit from the time of his April 22, 2019 arrest until his Greene County sentencing on June 5, 2019.

{¶ 9} Steinmetz's argument on appeal focuses narrowly on his entitlement to jail-time credit from July 24, 2018 (the date he was served with the Greene County indictment while in the Montgomery County jail on pending charges out of both counties) until September 13, 2018 (the date he was sentenced in the Montgomery County case and started serving his Montgomery County sentence at the MonDay facility). Steinmetz contends he is entitled to an additional 52 days of jail-time credit for this period.

{¶ 10} Jail-time credit is governed by R.C. 2967.191(A), which provides in part: "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"

{¶ 11} In the present case, Steinmetz simultaneously was subjected to pretrial confinement in lieu of bail for reasons arising out of offenses in separate cases from Montgomery County and Greene County in which he eventually was convicted and sentenced. It is well settled that a "defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously." *See*, *e.g.*, *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 26. Whether jail-time credit accrues simultaneously when a defendant is in pretrial confinement on multiple cases ordinarily depends on whether he receives concurrent or consecutive sentences.

{¶ 12} Where a later-sentencing court makes its sentence concurrent with an earlier sentence, a defendant is entitled to jail-time credit in both cases for any time that he was held in pretrial confinement on both cases simultaneously. *Id.*, citing *State v.*

*Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373. In *Russell*, the defendant was "held without bail, as pre-trial confinement" for 14 days in separate cases involving domestic violence and violation of a protection order. *Russell* at ¶ 46. Because the trial court in the domestic-violence case ordered its sentence to be served concurrently with an earlier sentence imposed in the protection-order case, the defendant was entitled to "14 days of jail time credit in both cases." *Id.* Conversely, when a defendant receives consecutive sentences after being held in pretrial confinement on multiple cases at the same time, he is entitled to jail-time credit in only one of the cases. *State v. El-Amin*, 10th Dist. Franklin Nos. 17AP-439, 17AP-440, 17AP-441, 2018-Ohio-560, ¶ 12-14. " 'When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.' " *Id.* at ¶ 12, quoting *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22.

{¶ 13} Unfortunately, to determine whether Steinmetz is entitled to additional jail-time credit in the present case, we cannot look to whether the trial court made his Greene County sentence consecutive or concurrent to his earlier Montgomery County sentence. Here the trial court did neither. At the time of his June 5, 2019 sentencing in Greene County, Steinmetz was on community control in the Montgomery County case and had completed his in-custody program at the MonDay facility. There was nothing left for Steinmetz to serve in the Montgomery County case on June 5, 2019. Therefore, the trial court in this case could not make his Greene County two-year prison sentence consecutive or concurrent to anything.

{¶ 14} We note, however, that at the time of the Greene County sentencing

Steinmetz effectively had not received any jail-time credit in the Montgomery County case for time spent in pretrial confinement. As set forth above, he was sentenced to community control sanctions in the Montgomery County case with a condition to complete a program at the MonDay facility. Nothing in the record indicates that the length of the MonDay program was shortened to account for time Steinmetz had spent in pretrial confinement on his Montgomery County charges, and he received no other term of incarceration in the Montgomery County case to which jail-time credit could apply. It appears, then, that Steinmetz had not received any jail-time credit in the Montgomery County case when he was sentenced in Greene County on June 5, 2019.

{¶ 15} For present purposes, the bottom line is that Steinmetz was held in pretrial confinement in the Montgomery County jail on the Montgomery County case during which time he was served with the Greene County indictment on July 24, 2018, transported to Greene County for arraignment and scheduling for that case July 27, 2018, and returned to the Montgomery County Jail. Not until September 13, 2018 did Steinmetz begin serving his Montgomery County sentence. At the time of his June 5, 2019 sentencing in this case, it does not appear that he received any jail-time credit for those 52 days in either case. In light of that fact, as well as the trial court's failure to impose a consecutive sentence in this case (because there was nothing to make the sentence consecutive to), we believe Steinmetz is entitled to an additional 52 days of jail-time credit in this case from July 24, 2018 to September 13, 2018. Failure to award him such jail-time credit in this case would deprive him of any credit for serving those days.[2]  We recognize that a reasonable

---

[2] Parenthetically, we note that Steinmetz's community control in the Montgomery County case was revoked on August 13, 2019. At that time, the Montgomery County Common Pleas Court imposed a two-year prison sentence, which it ordered to be served

argument can be made, as the trial court concluded, that Steinmetz's confinement in Montgomery County as a result of Montgomery County Case No. 2018 CR 2306/3 did not arise out of "the offense for which the prisoner was convicted and sentenced" in the Greene County case. And perhaps a different rule should apply when confinement involves different counties, jails outside a court's jurisdiction and detainers as opposed to detention in a different jurisdiction under indictment where case processing proceeds by use of conveyance orders. (*Fugate*, *Brenneman* and *Russell* all involve confinement in the same county where the multiple charges were pending). But on this record, where processing of the Greene County case proceeded while Steinmetz was detained in Montgomery County, we conclude the case law supports our conclusion that Steinmetz is entitled to an additional 52 days of jail-time credit from July 24, 2018 until September 13, 2018 when he began serving his Montgomery County sentence.

{¶ 16} Finally, Steinmetz argues that the trial court erred in awarding him 43 days of jail-time credit from the time of his arrest on April 22, 2019 (following his release from the MonDay facility) until his sentencing on June 5, 2019. We agree. The record supports Steinmetz's claim that following his release from the MonDay program he was arrested in connection with the Greene County case on April 22, 2019. By our count, then, he is entitled to 45 days of jail-time credit, not 43 days. In apparent opposition to this conclusion, the State suggests at one point in its appellate brief that Steinmetz was arrested and jailed on April 24, 2019. (Appellee's brief at 5.) Elsewhere in its brief,

---

concurrently with Steinmetz's sentence in this case. It also awarded him credit for 319 days spent in confinement. These subsequent actions by the Montgomery County Common Pleas Court occurred more than two months after Steinmetz's sentencing in Greene County, and they have no bearing on our analysis herein.

however, the State acknowledges that he was arrested and jailed on April 22, 2019. (*Id.* at 3.) In any event, the record itself establishes that April 22, 2019 is the correct date. (Doc. # 65.)

**{¶ 17}** Based on the analysis set forth above, Steinmetz is entitled to 52 days of jail-time credit from July 24, 1018 to September 13, 2018, and 45 days of jail-time credit from April 22, 2019 to June 5, 2019. His total jail-time credit should be 97 days. The trial court erred in awarding him only 43 days.

**{¶ 18}** Steinmetz's assignment of error is sustained. The judgment of the Greene County Common Pleas Court is reversed insofar as it erred in computing and awarding jail-time credit. The case is remanded to the trial court to award Steinmetz 97 days of jail-time credit as of the date of sentencing.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Marcy A. Vonderwell
J. David Turner
Hon. Michael A. Buckwalter