[Cite as *State v. Richardson*, 2021-Ohio-1342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-19-091

      Appellee                                      Trial Court No. 2018CR0589

v.

Benjamin L. Richardson                      **DECISION AND JUDGMENT**

      Appellant                                     Decided:  April 16, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Benjamin Richardson, appeals the judgment of the Wood County

Court of Common Pleas, convicting him of one count of receiving stolen property, and

one count of identity fraud, and sentencing him to a total of 24 months in prison.  For the

reasons that follow, we affirm.

{¶ 2} On appeal, appellant presents one assignment of error for our review:

I. Mr. Richardson did not receive all of the pre-trial confinement credit to which he was entitled.

## Background

{¶ 3} On December 5, 2018, appellant was arrested pursuant to a warrant issued out of Perrysburg Municipal Court on a charge of identity fraud. Appellant appeared before the court that day, and bond was set at $8,000. Appellant was held in custody until the next hearing on December 13, 2018, at which appellant was released on his own recognizance.

{¶ 4} The case was then bound over to the Wood County Grand Jury, which ultimately entered a four-count indictment charging appellant with one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree, one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree, and two counts of identity fraud in violation of R.C. 2913.49(B)(1) and (I)(2), felonies of the fifth degree.

{¶ 5} A hearing for arraignment was continued until such time as appellant was apprehended. On April 25, 2019, the trial court entered an order to transport appellant from the Lucas County Jail for an arraignment hearing on May 10, 2019. At the arraignment hearing, appellant entered an initial plea of not guilty, and the trial court set bond at $40,000. A further pretrial conference was held on May 31, 2019. The record

2.

shows that appellant was transferred from the Lucas County Jail to the Wood County Justice Center for both the May 10 and May 31, 2019 hearings.

{¶ 6} A change of plea hearing was held on September 27, 2019, at which appellant withdrew his initial plea of not guilty, and entered a plea of guilty to one count of receiving stolen property and one count of identity theft. In exchange, the remaining counts were dismissed. Again, the record shows that appellant was transferred from Lucas County to Wood County for the change of plea hearing.

{¶ 7} Sentencing was held on November 15, 2019. At the sentencing hearing, the trial court ordered appellant to serve 12 months in prison on each count, and ordered the counts to be served consecutively for a total prison term of 24 months. Notably, the issue of jail-time credit was not discussed at the sentencing hearing, but the trial court's sentencing entry awarded appellant 11 days of jail-time credit pursuant to R.C. 2967.191.

**Analysis**

{¶ 8} In his assignment of error, appellant argues that the trial court erred when it did not award him jail-time credit for the time that he was incarcerated in the Lucas County Jail. Appellant asserts that he was confined in the Lucas County Jail from April 8, 2019, to January 23, 2020, under a cash bond for an alleged probation violation. He contends that he was also being held under the $40,000 cash bond set by the trial court in the present case. Thus, he concludes that because he was being held by both jurisdictions, he should receive jail-time credit in both jurisdictions. As applied to the present case, appellant argues that he is entitled to jail-time credit from December 5

3.

through December 13, 2018, and from May 10 through November 15, 2019. We disagree.

{¶ 9} R.C. 2967.191(A) provides, in relevant part, "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial."

{¶ 10} "It is clear under the statute that [a defendant] is entitled to credit for time confined 'arising out of the offense for which he was convicted and sentenced.' [A defendant] is not entitled to credit for time served in another jurisdiction for another offense." *State ex rel. Croake v. Trumbull Cty. Sheriff*, 68 Ohio App.3d 245, 247, 587 N.E.2d 978 (11th Dist.1990), citing *State v. Dawn*, 45 Ohio App.2d 43, 340 N.E.2d 421 (1st Dist.1975), *State ex rel. Moss v. Subora*, 29 Ohio St.3d 66, 505 N.E.2d 965 (1987). Here, during the pendency of the present case, appellant was being held in Lucas County on a separate offense. Thus, he is not entitled to have his time spent in pretrial confinement under the Lucas County case applied to the present case. *See State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238 (defendant not entitled to have time spent in pretrial confinement in a Franklin County case credited to his sentence in a contemporaneous Union County case). Therefore, we hold that the trial court did not err

4.

when it only awarded 11 days of jail-time credit for the time that appellant was actually confined in Wood County for the present offenses.[1]

{¶ 11} Accordingly, appellant's assignment of error is not well-taken.

## Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

---

[1] Appellant asserts that he was sentenced to an 11-month prison term for his conviction in Lucas County, and that term was ordered to be served consecutively to the sentence imposed in the present case. He further asserts that he was awarded jail-time credit of 283 days in the Lucas County case. The state notes that this information is not in the record, but it does not dispute that it is true. We find that, if true, appellant is in effect seeking to receive double credit for the time that he served in pretrial confinement. This runs counter to the objective of R.C. 2967.191, which is "to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 11.

Mark L. Pietrykowski, J.     _____
                JUDGE

Thomas J. Osowik, J.
CONCUR.
              _____
                JUDGE

Gene A. Zmuda, P.J.
CONCURS AND WRITES   _____
SEPARATELY.            JUDGE

**ZMUDA, P.J.**

{¶ 13} While I agree with the majority that there is no basis to reverse the trial court's judgment, I write separately to address the lack of a sufficient record to determine whether appellant is entitled to any additional jail-time credit and to note disagreement with the majority's analysis and application of law. Appellant was arrested and charged in two jurisdictions. In Wood County, appellant was held in the present case from December 4 through 13, 2018, and then released on his own recognizance. An indictment issued on February 21, 2019, charging appellant with four counts arising from

6.

an incident at Owens Community College. On February 15, 2019, appellant was indicted for a similar incident at University of Toledo Medical Center (UTMC).

{¶ 14} Appellant failed to appear for his arraignment in the present case, resulting in a capias warrant. As noted by the majority, appellant alleges he was arraigned first in Lucas County, for the UTMC incident, followed by arraignment in the present case. A bond was set in both jurisdictions, and appellant argued he remained in custody in the Lucas County facility pending trial in both cases. Appellant contends that he was also held on an alleged probation violation from April 8, 2019, to January 23, 2020, but there is nothing in the record regarding a holder in the record on appeal. On November 19, 2019, the trial court imposed sentence in the present case. Appellant indicates that the Lucas County trial court imposed its sentence on January 18, 2020, again without anything in the record to support the contention.

{¶ 15} Appellant filed a motion in the trial court in the present case, seeking 289 days of jail-time credit for time spent awaiting disposition from May 10 through November 15, 2019, pursuant to R.C. 2929.19(B)(2)(g)(iii), which grants a trial court continuing jurisdiction to address jail-time credit. The trial court denied the motion, deeming oral argument "waived or found to be unnecessary." Appellant appealed.

{¶ 16} The majority, in affirming the trial court's judgment, relies on R.C. 2967.191(A), governing the reduction of a prison term by the ODRC based on the number of days credited by the trial court, along with authority pertaining to pretrial confinement occurring at the same time an individual is held ***after sentencing*** in another

7.

case. *See State ex rel. Croake v. Trumbull Cty. Sheriff*, 68 Ohio App.3d 245, 247, 587 N.E.2d 978 (11th Dist.1990) ("a defendant is not entitled to credit for time served pursuant to a prior conviction in another jurisdiction towards a later, totally unrelated conviction where such prior conviction was reversed."); *State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238 (defendant not entitled to credit for time spent incarcerated, post-sentence, in another county for an unrelated offense). Neither authority clearly applies in this case, based on the record on appeal.

{¶ 17} First, while the trial court did order consecutive sentences in this case, there is nothing in the record regarding a subsequent, Lucas County sentence, also ordered to be served consecutive to appellant's Wood County sentence, as the Lucas County record is not part of the record on appeal. More importantly, there is also nothing within the record indicating appellant was serving a sentence at the same time he was held in lieu of bond, awaiting trial in the present case and in the Lucas County case arising from the UTMC incident. At most, the information within the presentence investigation report indicates appellant was "incarcerated" on a probation violation at the Lucas County Correctional Center, a facility used to hold defendants in custody while awaiting trial.

{¶ 18} "[T]he Ohio Constitution and statutes require that prisoners receive credit for '*all* time spent in any jail prior to trial and commitment.'" (Emphasis sic.) *State v. Bryant*, 10th Dist. Franklin No. 19AP-241, 2020-Ohio-363, 151 N.E.3d 1096, ¶ 26, quoting *State v. Fugate*, 117 Ohio St.3d 251, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7, quoting *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972); R.C. 2967.191.

8.

Jail-time credit is necessary to prevent "disparate treatment of defendants based solely on their economic status[.]" *Fugate* at ¶ 7.[2]

{¶ 19} R.C. 2967.191(A) mandates credit for time "confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." Furthermore, R.C. 2929.19(B)(2)(g)(i) requires a sentencing court that imposes a prison term to give notice of "the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term[.]"

{¶ 20} Here, the majority contends appellant served time in another case while being held in the present case, despite the absence of any support in the record for this contention beyond the trial court's finding that only 11 days were spent in custody in

---

[2] Although we previously addressed the effect of a community control violation holder on the calculation of jail-time credit, in *State v. Mitchell*, 6th Dist. Lucas Nos. L-05-1122 and L-05-1123, 2005-Ohio-6138, a recent decision by the Ohio Supreme Court may cast doubt on the issue. *See Fugate* at ¶ 19, distinguishing *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840; *State v. Washington*, 1st Dist. Hamilton Nos. C-050462 and B-0500722, 2006-Ohio-4790; *State v. Brooks*, 9th Dist. Lorain No. 05CA008786, 2006-Ohio-1485; *State v. Maag*, 3d Dist. Hancock Nos. 5-03-32 and 5-03-33, 2005-Ohio-3761; *Mitchell*, 2005-Ohio-6138 (distinguishing prior cases "on their facts and procedural histories" and finding denial based on other reasons than the "the proposition that when an offender is held on a community-control violation as well as on new charges, jail-time credit may be applied only toward the sentence imposed for the community-control violation.").

9.

Wood County. For purposes of calculating jail-time credit, the location of the custody is irrelevant. There is no language within R.C. 2967.191 limiting jail-time credit to a single case, based on the jurisdiction in which an offender is held. Instead, "[i]t is well settled that a 'defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously.'" *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 11, citing *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 26. The only pertinent issue, affecting *application* (and not calculation) of jail-time credit, is whether the eventual sentences are ordered to be served concurrently or consecutively.

{¶ 21} In the present case, the trial court imposed two, 12-month terms, and ordered the sentences to be served consecutively, noting, "these crimes were committed while the defendant was on community control." Jail-time credit was not addressed or referenced on the record at the sentencing hearing, with only mention in the judgment entry satisfying the requirements of R.C. 2929.19(B)(2)(g). Appellant indicates, however, that the Lucas County trial court sentenced him to a total prison term of 11 months, to be served consecutively to the sentence in the present case, and credited him for 283 days served, awaiting sentencing in that case. The trial court in this case gave him credit for only 11 days, based on his time in custody in Wood County, with no determination regarding the nature of time held in Lucas County as pretrial time or sentenced time.

10.

{¶ 22} Based on the limited record on appeal, it is not possible to discern the nature of appellant's Lucas County confinement.  While the majority characterizes the time spent in custody in Lucas County as serving a sentence, there is nothing in the record which establishes the accuracy of this assertion.  Furthermore, while appellant claims he was sentenced to consecutive time for the Lucas County incident at UTMC and the Lucas County court awarded jail-time credit for all days held pretrial in that case, that information is also not reflected in the record of the present case.  However, appellant's argument of entitlement to credit in the present case, if we consider his claim regarding the Lucas County record as true, would result in no other outcome.  Regardless of whether the trial court correctly calculated any overlapping credit in the instant case, jail-time credit applies to only one of the sentences for terms ordered to run consecutively.  *Fugate*, 117 Ohio St.3d 251, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 22 ("When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another.  Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.").

{¶ 23} Accordingly, while I would affirm, I do so based on the lack of any record demonstrating error in the trial court's calculation of jail-time credit, the lack of clarity regarding the nature of appellant's continued custody in Lucas County, and with the prospect of consecutive sentences, the potential for jail-time credit calculation as a purely academic pursuit in this instance.  I write separately to note my exception to the majority's approach, which proceeds without a clear record and potentially limits the

11.

application of jail-time credit based on place of confinement, despite well-settled law providing for credit for all pretrial confinement where a defendant may be held in multiple cases, simultaneously. Therefore, I respectfully concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.