[Cite as *State v. Palmer*, 2025-Ohio-523.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Michael D. Hess, V.J. |
| Plaintiff-Appellee | : | Hon. Jason P. Smith, V.J. |
|  | : |  |
| -vs- | : | Judge Hess and Judge Smith |
|  | : | Sitting by Assignment |
|  | : | of the Supreme Court of Ohio |
|  | : |  |
| ROBERT G. PALMER | : |  |
|  | : | Case No. 2024 AP 06 0024 |
| Defendant-Appellant | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING: Criminal appeal from the Tuscarawaras Court of Common Pleas, Case No. 2023 CR 10 0336

JUDGMENT: Reversed in part, Remanded

DATE OF JUDGMENT ENTRY: February 13, 2025

APPEARANCES:

For Plaintiff-Appellee

FREDERIC SCOTT
Assistant Prosecutor
25 E. High Aveue
New Philadelphia, OH 44663

For Defendant-Appellant

NICOLE R. STEPHEN
Public Defender
203 Fair Aveue N.E.
New Philadelphia, OH 44663

*Smith, V.J.*

{¶1}   Defendant-appellant Robert G. Palmer ["Palmer"] appeals from the May 20, 2024 Judgment Entry of the Tuscarawas County Court of Common Pleas sentencing him for Aggravated Robbery and Theft, making the sentence concurrent to a sentence from the Stark County Court of Common Pleas, and awarding him zero days of jail time credit.

{¶2}   On appeal, Palmer argues that the trial judge did not award him jail time credit for "the total number of days that [he] was confined for any reason arising out of the offense for which [he] was convicted and sentenced" in contravention of R.C. 2967.191.

*Facts and Procedural History*

{¶3}   Palmer was arrested in relation to Stark County Court of Common Pleas, Case Number 2023CR1919 on August 11, 2023. Palmer was subsequently indicted on October 5, 2023, for two counts of Robbery, felonies of the second degree and one count of theft, a felony of the fifth degree.

{¶4}   On October 20, 2023, Palmer, who was incarcerated in the Stark County Jail, was indited in Tuscarawas County Court of Common Pleas, Case Number 2023 CR 10 0336 for one count of Aggravated Robbery, a felony of the first degree and one count of Theft, a misdemeanor of the first degree.  Palmer appeared via video and was arraigned on November 15, 2023. *See, Judgment Entry on Arraignment,* Docket Entry Number 16.

{¶5}   Palmer was unable to post bond in either case and remained incarcerated throughout the subsequent proceedings in each case.

{¶6}   On February 22, 2024, Palmer pled guilty to the indictment in the Stark County case. Relevant to this appeal, the trial judge sentenced Palmer to an indefinite

term of six to nine years on each of the Robbery counts, and twelve months on the theft charge. The sentences were ordered to run concurrently. The judge also granted Palmer 172 days of jail time credit. Palmer was admitted to the Lorain Correctional Institution ["LCI"] on April 4, 2024. Transcript, *Change of Plea and Sentencing Hearing Held May 6, 2024,* Tuscarawas County Court of Common Pleas, Case Number 2023 CR 10 0336 at 8. [Hereinafter "Sent. T."].

{¶7}   On May 6, 2024, Palmer, after being transported to Tuscarawas County from LCI, entered guilty pleas to one count of Aggravated Robbery, a felony of the first degree and one count of Theft, a misdemeanor of the first degree.  The trial judge sentenced Palmer to an indefinite term of four to six years on the aggravated robbery conviction and court costs on the misdemeanor theft conviction. The trial judge ordered the sentences to run concurrent with Palmer's sentence in the Stark County case. The trial judge denied Palmer's request for jail time credit.

*Assignment of Error*

{¶8}   Palmer raises one Assignment of Error,

{¶9}   "I. THE TRIAL COURT ERRED IN NOT GIVING APPELLANT JAIL TIME CREDIT IN VIOLATION OF R.C. 2967.191 AND THE EQUAL PROTECTION CLAUSE AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

**Standard of Appellate Review**

{¶10}   "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See, Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6;

*Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate*, 2008-Ohio-856, ¶6.

{¶11} "[D]etermining whether an offender receives jail-time credit affects a substantial right ... because receiving properly determined jail-time credit implicates an offender's liberty interest in being free from unauthorized incarceration ... and the right to jail-time credit is protected by at least three statutory provisions." *State v. Thompson,* 2016-Ohio-2769, ¶ 9; *State v. Williams,* 2024-Ohio-5578, ¶91 (5th Dist.); *State v. Crossty*, 2016-Ohio-3265, ¶ 11 (1st Dist.). R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]" The award of jail time credit and the number of days to be credited are not a matter of discretion. The statute mandates the reduction, and sets forth how the number of days is determined.

{¶12} Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer,* 2009-Ohio-2496, ¶ 13; *Accord, State v. Pariag*, 2013-Ohio-4010, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 2017-Ohio-7820, ¶ 31 (5th Dist.); *State v. Hammond,* 2023-Ohio-3551(5th Dist.).

**Issue for Appellate Review:** *Whether Palmer was entitled to jail time credit on his Tuscarawas County case.*

{¶13} With respect to jail-time credit, the Ohio Supreme Court has instructed courts that,

The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions.

…

"The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence." (Emphasis sic.) *Workman v. Cardwell* (N.D. Ohio 1972), 338 F.Supp. 893, 901, *vacated in part on other grounds* (C.A. 6, 1972), 471 F.2d 909. *See also White v. Gilligan* (S.D. Ohio 1972), 351 F.Supp. 1012.

This principle is codified in Ohio at R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

*State v. Fugate*, 2008-Ohio-856, ¶ 7-9.

**{¶14}** Although it is the department of rehabilitation and correction's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567(10th Dist. 1991); *State v. Barkus*, 2003-Ohio-1757 at ¶ 12 (5th Dist.); R.C. 2929.19(B)(2)(g)(i). R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of

days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced [.]"

{¶15}  R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that the prisoner's sentencing order should also reflect, "* * * pursuant to section 2967.191 of the Revised Code * * * *the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence.*" (Emphasis added).

{¶16}  A defendant is no longer required to contest a trial court's calculation of his jail-time credit in a direct appeal of his conviction; even if no appeal is pursued, the issue can still be asserted in a post-judgment motion.  *State v. Smith*, 2017-Ohio-4124, ¶ 11 (11th Dist.). Pursuant to  R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing." *State v. Thompson*, 2016-Ohio-2769, ¶12; *State v. Inboden*, 2014-Ohio-5762, ¶8 (10th Dist.).

{¶17}  Jail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence. *State ex rel. Moody v. Director, Ohio Bureau of Sentence,* 2024-Ohio-5231, ¶9. In the case at bar, Palmer was held in the Tuscarawas County case beginning November 15, 2023 when he was brought before the court to be arraigned on the charges.

{¶18}  R.C. 2967.191 mandates that Palmer receive credit for all the time he was confined for any reason arising out of the Tuscarawas County offenses *while awaiting trial*, and for *confinement while awaiting transportation to the place where the prisoner is*

*to serve the prisoner's prison term.* Relative to the case at bar, Palmer was being confined while awaiting trial on both the Stark County and the Tuscarawas County cases beginning November 15, 2023. However, while he was being held on the Tuscarawas County charges, Palmer was sentenced by the Stark County Court of Common Pleas on February 22, 2024.

{¶19} As the Supreme Court noted in *Fugate,* R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. 2008-Ohio-856, ¶12. "It is well settled that a 'defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously.'" *State v. Steinmetz*, 2020-Ohio-1145, ¶11 (2nd Dist.), *quoting State v. Breneman*, 2016-Ohio-597, ¶26 (2nd Dist.). "Whether jail-time credit accrues simultaneously when a defendant is in pretrial confinement on multiple cases ordinarily depends on whether he receives concurrent or consecutive sentences." *Steinmetz* at ¶ 11. Where the sentences are to run concurrently, the defendant receives jail-time credit in both cases; however, where the sentences are to run consecutively, the defendant receives jail-time credit for only one such case. *State v. Chambers*, 2023-Ohio-4859, ¶ 21(11th Dist.); *State v. Richardson,* 2021-Ohio-1342, ¶20 (6th Dist.).

{¶20} Unlike the defendant in *State v. Cupp*, 2018-Ohio-5211, Palmer was incarcerated on the Tuscarawas County charges before he pled guilty and was sentenced on the Stark County charges. Id. at ¶6; ¶20. Accordingly, Palmer was not *serving a sentence* on an unrelated case. Thus, Palmer was entitled to jail time credit in the Tuscarawas case in spite of the fact that he was also being held on the Stark County charges.

{¶21}  However, once Palmer was sentenced to prison by the Stark County Court of Common Pleas, Palmer was no longer being confined for any reason arising out of the Tuscarawas County case.  Even if Palmer had posted bond in Tuscarawas County after February 22, 2024, he would remain incarcerated at LCI as a result of the Stark County sentence. Thus, Palmer cannot receive jail time credit in the Tuscarawas case for any time after he was sentenced on the Stark County charges.

{¶22}  The state agrees that Palmer was entitled to jail time credit from November 15, 2023, the time that Palmer was arraigned on the Tuscarawas County charges, to February 22, 2024, the date Palmer was sentenced on the Stark County charges, a total of ninety-nine days. *See*, Appellee Brief at 8.

{¶23}  Palmer's First Assignment of Error is granted.

{¶24}  The judgment of the Tuscarawas County Court of Common Pleas is reversed, in part. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, we remand this case to the trial court with instructions to issue a nun pro tunc sentencing entry granting Palmer ninety-nine days of jail time credit in the above-captioned case. The decision of the Tuscarawas County Court of Common Pleas is affirmed in all other respects.

By: Smith, V.J.,

Hoffman, P.J., and

Hess, V.J., concur